USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CAROLYN D. COLEMAN,

                                  Plaintiff,

               — against —

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
-----------------------------------------------------------X

**OPINION & ORDER
ON ATTORNEY'S FEES**

1:21-CV-76 (KHP)

**THE HONORABLE KATHARINE H. PARKER, United States Magistrate Judge**

      On October 21, 2021, this case was remanded to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), for the purpose of conducting further administrative proceedings. (ECF Nos. 21-22.) On February 8, 2022, Plaintiff filed a motion ("Plaintiff's Motion") for attorney's fees in the amount of $2,532.44 and administrative fees in the amount of $17.25, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF Nos. 24-27.)[1] The Commissioner did not respond to Plaintiff's Motion, therefore, Plaintiff's motion is uncontested. This Court has reviewed the Motion and finds that Plaintiff is entitled to attorney's fees under the EAJA and that the fees sought by Plaintiff are reasonable. Accordingly, Plaintiff's motion is GRANTED.

      The EAJA authorizes the payment of fees in an action against the United States. Eligibility for a fee award under the EAJA requires:

> (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that 'no

---

[1] The Court briefly notes that Plaintiff's original filing of her fee application on January 17, 2022 was deemed a deficient docket entry because she improperly filed her Motion and supporting documents as one filing, and she was directed to re-file her Motion. (ECF Nos. 24-27.) Plaintiff re-filed her Motion on February 8, 2022. However, for purposes of determining the timeliness of the Motion, this Court will rely on the earlier date, January 17, 2022, as the date of Plaintiff's filing.

> special circumstances make an award unjust'; and 4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1940) (quoting the EAJA); *see generally Gomez-Beleno v. Holder*, 644 F.3d 139 (2d Cir. 2011) (applying *Jean*).  This Court finds that all four factors are met.

First, Plaintiff is a prevailing party.  The Supreme Court has held that a remand under sentence four of 42 U.S.C § 405(g) is a final judgment that qualifies a plaintiff for prevailing party status.  *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) ("[A] party who wins a sentence-four remand order is a prevailing party."); *Torres v. Barnhart*, 2007 WL 1810238, at *8 (S.D.N.Y. June 25, 2007) (Plaintiff "became the prevailing party when he succeeded in having his case remanded to the agency.").  Here, on October 21, 2021, the Commissioner remanded this case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.  (ECF Nos. 21-22).  No objections were raised to the order and that order has not been appealed.  Thus, Plaintiff is a prevailing party.

Regarding factors two and three, Plaintiff's counsel argues that the Commissioner's position was not 'substantially justified,' and that no special circumstances make awarding these fees unjust.  The Government has effectively conceded that it cannot meet this burden since it has not opposed the Motion.  *See Soto v. Astrue*, 2010 WL 2026269, at *1 (E.D.N.Y. May 20, 2010) (finding that government did not meet burden where it did not oppose fee application).  Third, this Court defers to Plaintiff's counsel representations that there are no "special circumstances" that counsel against an EAJA award.

Generally speaking, under the EAJA, a fee application must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(B).  The "final judgment" referred to in the EAJA arises, and the thirty-day period for an EAJA fee applications begins, when the Government's right to appeal the final judgment lapses.  *See Tamburri v. Berryhill*, 2018 WL 1175141, at *1 (E.D.N.Y. Mar. 5, 2018).  A court so-ordering a stipulation remanding the action for additional administrative proceedings in accordance with the fourth sentence of 42 U.S.C. § 405(g) is a "final judgment" and triggers the EAJA filing period.  *See id*. (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 101-02 (1991)).  The date of entry of judgment starts the sixty-day period to appeal the case.  *Id*. (citing Fed. R. App. P. 4(a)(1)(B)).  After the expiration of the sixty days, a plaintiff then has the thirty days specified under the EAJA to file an application for fees.  *Id*.  (citing *Shalala*, 509 U.S. at 302).

Here, had the court ordered a stipulation the proper timeframes delineated above would have applied.  However, in this situation the Commissioner filed the stipulation and therefore the EAJA fees should have been filed within thirty days of final judgment since the Government did not have a right to appeal its decision to remand.  While the motion is technically untimely under Federal Rule of Civil Procedure 54, the Court does not find that this lateness is fatal.  Had the delineated above timeframe applied, Plaintiff would have filed a timely motion.  In applying the discretion afforded to the court in determining an award of fees, and the fact that the Government does not oppose the motion, let alone contest the timeliness, the Court excuses the delay.  *See Purdue v. Kenny A.*, 559 U.S. 542, 558 (2010).

Finally, the Court turns to the calculation of the award of fees.  Regardless of Commissioner's failure to respond nor oppose the amount of the award, does not relieve this court of the obligation to determine whether that amount of fees is reasonable.  *See Pribek v.*

*Secretary, Department of Health & Human Services*, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) ("the determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation").

Turning to the issue of a reasonable fee award, the EAJA provides that the fees awarded

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(D)(2)(A). Cost of living increases since the $125 rate was set in 1996 can justify a fee greater than $125 per hour. According to the Consumer Price Index for the New York Metropolitan Area, the increase from March 29, 1996 to the present yields a rate of approximately $209.54 per hour in 2020, and $217.72 per hour in 2021. (Aff. of Howard D. Olinsky, ECF No. 25.) This adjustment is appropriate. *See Isaacs v. Astrue*, 2009 WL 1748706, *3 (W.D.N.Y. 2009) (Arcara, J.) ("[t]he current statutory cap of $125 per hour took effect in 1996 . . . and the Court may revise it upward to reflect inflation as determined by the Consumer Price Index")

Plaintiff's counsel seeks attorney's fees at an hourly rate of $209.54 for one hour of work he completed in 2020, and $217.72 per hour for 7.5 hours completed in 2021. Plaintiff's counsel is also seeking $100.00 per hour for 6.9 hours of work performed by the paralegal. Thus, Plaintiff's counsel is seeking a total of $2,532.44. A determination of a reasonable attorney's fee is a matter committed to the sound discretion of the trial court. *See Purdue v. Kenny A.*, 559 U.S. 542, 558 (2010). A district court "need not . . . scrutinize[] each action taken or the time spent on it." *Aston v. Secretary of Health & Human Services*, 808 F.2d 9, 11 (2d Cir. 1986) (citation omitted). The time spent litigating a fee application is also compensable. *See*

*Black v. Nunwood, Inc.*, 2015 WL 1958917, at *7 (S.D.N.Y. Apr. 3, 2015) (quoting *Gagne v. Maher*, 594 F.2d 335, 344 (2d Cir. 1979), *aff'd* 448 U.S. 122 (1980). In making the determination, the Court evaluates whether the number of hours expended were reasonable given the issues and specific nature of the case, as well as whether the proposed rate is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of establishing the reasonableness of both by, among other things, providing an itemized statement of hours spent on case-related work. *See id.*; *Cutajar v. Comm'r of Soc. Sec.*, 2020 WL 2999232, at *4 (S.D.N.Y. June 4, 2020). Here, Plaintiff's counsel submitted itemized records for his fees. (ECF No. 25.)

District courts within the Second Circuit have typically found that it is reasonable for a Plaintiff's attorney to spend 20-40 hours on a typical Social Security disability appeal in federal court. *See, e.g.*, *Forrest v. Colvin*, 2016 WL 6892784, at *3 (S.D.N.Y. Nov. 21, 2016) (noting that "[c]ourts in this Circuit agree that 20 to 40 hours is a reasonable amount of time to spend on a routine Social Security case"). Here, however, counsel has spent less time, requesting reimbursement for only 15.4 hours. Nevertheless, the Court believes that counsel has earned his requested fees. The administrative record was approximately 1,000 pages and counsel spent time drafting complaint, filing the motion for leave to proceed in forma pauperis, reviewing the certified administrative record and had numerous conferences with Defendant to discuss the case. In the end, Plaintiff's counsel was successful in obtaining a remand and handled the case efficiently without unnecessary litigation. The Government does not oppose either request for fees, and the Court independently finds the fee requests reasonable. *See Afriyie v. Comm'r of Soc. Sec.*, 2021 WL 1178579, at *5 (S.D.N.Y. Mar. 30. 2021) (approving rate of $205 per hour, "consistent with other decisions in this District approving similar rates").

The final issue is whether the award should be payable directly to plaintiff's counsel. Plaintiff's counsel requests that payments be made to him rather than Plaintiff. The Supreme Court has determined that "EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010). However, since *Ratliff*, district courts have held that the EAJA award may be awarded directly to the attorney as long as the government has the ability to offset any debt owed to it or if the plaintiff owes no debt to the government. *See generally, Gors v. Colvin*, 2013 WL 960230, *3 (D.S.D. 2013); *Meyer v. Astrue*, 2011 WL 4036398, *3 (D. Minn. 2011). As stated in counsel's submission, if the United States Department of Treasury determines that Plaintiff owes no debt that is subject to offset, the government may accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorneys. *See Zalewski v. Berryhill*, 2017 WL 985950, at *2 (W.D.N.Y. Mar. 14, 2017); *Murillo v. Colvin*, 2015 WL 13746895, at *3 (S.D.N.Y. Apr. 2, 2015), *report and recommendation adopted as modified*, 2016 WL 6208574 (S.D.N.Y. Oct. 21, 2016).

**CONCLUSION**

Therefore, Plaintiff's motion for attorney's fees is GRANTED. (ECF Nos. 24, 27) Plaintiff is awarded attorney's fees in the amount of $2,532.44 and $17.25 in administrative fees, and the clerk of this court shall enter judgment accordingly. If Plaintiff owes a debt that qualifies under the Treasury Offset Program, 31 U.S.C. § 3716, payment shall be made payable to Plaintiff and delivered to her attorney, Howard Olinsky. However, if the United States Department of the Treasury determines that Plaintiff does not owe a federal debt that is subject to offset, payment shall be made directly to Mr. Olinsky.

SO ORDERED

Dated:    March 7, 2022
             New York, New York

                                                                KATHARINE H. PAKER
                                                                 United States Magistrate Judge